# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **Case No. 5:04 CR 121** |
| ) | |
| Plaintiff, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MARIE A. TATE,** ) | |
| ) | |
| Defendant. ) | |

On March 8, 2011, Defendant/Petitioner Marie A. Tate filed a Motion Under Title 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines § 1b1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base ("the Motion"). (**Doc #: 39**.) For the following reasons, the Court **DENIES** the Motion.

**I.**

On March 9, 2004, Marie A. Tate was charged with two counts of being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 2), and possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 3). (Doc #: 1.) On July 27, 2004, the Government filed, pursuant to 21 U.S.C. § 851, a notice of sentence enhancement due to a previous felony drug conviction. (Doc #: 17.)

On September 28, 2004, Tate entered a plea of guilty to all counts pursuant to a written plea agreement with the Government. (Doc ##: 22, 23.) The plea agreement reflects Tate's understanding that the maximum prison term for Counts 1 and 2 was 10 years, and the prison term for Count 3 was not less than 10 years and not more than life imprisonment. (Doc #: 23 ¶ 4.) Tate admitted having previously been convicted of a felony drug offense, and having received notice of the sentence enhancement. (Id. ¶ 5.) The agreement reflects Tate's understanding that the sentence enhancement resulted in a statutory mandatory minimum prison term of 20 years. (Id.) The parties agreed that the base offense level for Counts 1 and 2 under the relevant provisions of the U.S. Sentencing Guidelines ("U.S.S.G.") was 20, while the base offense level for Count 3 was 32. (Id. ¶ 10 (citing, respectively, U.S.S.G. §§ 2K2.1, 2D1.1).) The parties further agreed that the base offense level, following grouping of counts, was 32, and the Government agreed not to seek an upward departure from the applicable guideline range. (Id. (citing U.S.S.G. § 3D1.2).) The Court referred Tate for presentence investigation and scheduled a sentencing for December 13, 2004. (See Doc #: 22.) The sentencing hearing was continued, at Tate's request, to January 12, 2005. (See Doc ##: 25, 26.)

On January 12, 2005, Tate filed a Motion to Withdraw Plea of Guilty and the Court granted her request to continue the sentencing hearing to February 2, 2005 – which date was later changed to February 16. (Doc ##: 27, 28, 30, 31.) On February 16, 2005, the Court continued the sentencing hearing to June 15, 2005 (later changed to June 21, then June 30) while noting that it would hold its ruling on the Motion to Withdraw Guilty Plea in abeyance. (Doc ##: 33, 34, 35.)

On June 30, 2005, the Court held the sentencing hearing. (See Doc #: 36.) At that time, the Government announced that the parties had reached a modification of the written plea agreement, and sought the Court's approval. The Government noted that the first place in which Tate's criminal history category (IV) contained the statutorily mandated 20 years (or 240 months), was offense level 34. The Government then moved for a two-level reduction from that offense level for substantial assistance – placing Tate at offense level 32. The applicable guideline sentencing range for offense level 32, criminal history category IV, was (and is) 168 to 210 months. The Government recommended that the Court sentence Tate to somewhere within that range. The Court asked Tate if she understood what the Government said, and Tate confirmed that the modification to the written plea agreement articulated by the Government was consistent with the verbal agreement she believed she had reached with the Government. The Court then granted the Government's § 5K1.1 motion for a two-level substantial-assistance reduction. Tate requested a sentence of 168 months, which request the Government did not oppose. Accordingly, the Court sentenced Tate to 168 months in prison, followed by ten years of supervised release.

Tate now contends that she is eligible for a reduced sentence pursuant to the so-called "crack-cocaine amendments." These amendments were enacted on November 1, 2007, when the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. Supp. to App. C, amend. 706 (2008). The effect of Amendment 706 was to provide a two-level reduction in the base offense levels for most crack-cocaine offenses. See id. The Commission made this Amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G. Supp. to App. C, amend. 713.

Tate asks the Court for a reduction of two more offense levels (i.e., from 32 to 30), resulting in a new guidelines sentencing range of 135-168 months. She argues, in pertinent part:

> BEFORE ENTERING IN A PLEA WITH THE GOVERNMENT, BOTH PARTIES AGREED (DEFENDANT AND PLAINTIFF) THAT THE STATUTORY MINIMUM SENTENCE OF 20 YEARS WILL EXCEED THE GUIDELINE RANGE. THE GOVERNMENT AGREED NOT TO SEEK AN UPWARD DEPARTURE FROM THE APPLICABLE GUIDELINE RANGE. I WAS SENTENCED FROM THE GUIDELINE RANGE, LEVEL 32, CATEGORY IV. THE U.S.C. § 3582(C)(2), U.S.S.G. § 1B1.1 AND AMENDMENT 706 REDUCES THE GUIDELINE SENTENCE BY AN ADDITIONAL 2 POINTS, PLACING ME AT A LEVEL 30, CATEGORY IV SENTENCING RANGE, 135-168 MONTHS. THE STATUTORY MANDATORY MINIMUM STILL EXCEEDS THE GUIDELINE AFTER THE REDUCTION, WHICH IS WHY THE GOVERNMENT AGREED TO GIVE ME A GUIDELINE SENTENCE AT THE TIME I ENTERED MY PLEA AGREEMENT. HOWEVER, TO NOW ASK THAT THE STATUTORY MANDATORY MINIMUM SENTENCE UPWARD DEPARTURE APPLY TO MY SENTENCING DIRECTLY VIOLATES MY PLEA AGREEMENT. BOTH PARTIES ENDURED A LOT DURING THE TIME IN WHICH MY PLEA AGREEMENT WAS NEGOTIATED. MY ATTORNEY STATED AS WELL THAT THE U.S.S.G.§ 5K1.1 DEPARTED ME FROM THE STATUTORY MANDATORY MINIMUM AND THE GOVERNMENT AGREED NOT TO SEEK AN UPWARD DEPARTURE FROM THE SAID GUIDELINE RANGE.
>
> WITH THAT ISSUE BEING NEGOTIATED AT THE TIME I ENTERED MY PLEA, IT SHOULD BE IRRELEVANT TODAY WHERE THE PASSAGE OF A RETROACTIVE GUIDELINE AMENDMENT COMES IN.

(Doc #: 41, at 1.)

## II.

"A defendant's term of imprisonment may not be modified except as provided by statute." *United States v. Wiley*, No. 09-4545, 2011 WL 1441915 at *2 (6th Cir. Apr. 15, 2011) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir.) *cert. denied*, 130 S.Ct. 318 (2009)). "Section 3582(c)(2) allows a sentence modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" *Id*. (emphasis in original) (citing 18 U.S.C. § 3582(c)). Guidance from the Sentencing Commission can be found in U.S.S.G. § 1B1.10(a), which provides, in part, that:

> (2) *Exclusions*. –A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
> \* \* \*
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

*Id*. (citing U.S.S.G. § 1B1.10(a)(2)(B) (eff. Mar. 3, 2008)). While subsection (c) includes the crack-cocaine amendments, the Application Notes make clear that a sentence reduction is not authorized by § 3582(c)(2) when the amendment is applicable to the defendant, "but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., <u>a statutory mandatory minimum term of imprisonment</u>). U.S.S.G. § 1B1.10, Application Notes 1(A) (emphasis added).

### III.

Regardless of what the written plea agreement states, the record plainly shows that the parties agreed to a modification of that agreement to reflect that the starting point for Tate's sentence was offense level 34, since it was the first place in her criminal history category (IV) where the statutory mandatory minimum sentence of 240 months (or 20 years) appears. As a matter of law, the only way the Court could pierce that 240-month floor was to grant the Government's motion for a two-level reduction for substantial assistance. *See, e.g., United States v. Chavez*, 239 Fed. Appx. 173, 176 n.2 (6th Cir. 2007) (citing 18 U.S.C. § 3553(e) and

U.S.S.G. § 5K1.1); *United States v. Wiley*, No. 09-4545, 2011 WL 1441915 at *2 (6th Cir. Apr. 15, 2011) ("This court has ... consistently recognized that the statutory mandatory minimum sentence provides <u>the appropriate starting point for calculating a downward departure under § 3553(e)</u>, and specifically held that the extent of a departure under § 3553(e) must be based solely upon the substantial assistance rendered by the defendant.")(emphasis added) (citations omitted). The Court did in fact grant the Government's § 5K1.1 motion, resulting in an adjusted offense level of 32 (168-210 months), and the record is clear that, contrary to Tate's assertion, the Government never requested an "upward departure."

In short, the only reason the Court mentioned base offense level 34 was because that was the first place in Tate's criminal history category that included a 240-month prison sentence – which the Sixth Circuit has held is the appropriate starting point for calculating a downward substantial-assistance departure. *Wiley*, 2011 WL 1441915 at *2. *See also United States v. Alford*, No. 4:07CR237, 2010 WL 3001941 at *1 (N.D. Ohio Jul. 30, 2010) (holding that where the statutory mandatory minimum sentence is greater than the maximum guideline sentence, the statutory minimum sentence becomes the guideline sentence) (citing U.S.S.G. § 5G1.1(b) and *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009)). The Sixth Circuit has routinely determined that the crack-cocaine amendments do not apply to sentences that are based upon mandatory statutory minimum sentences. *Wiley*, 2011 WL 1441915; *Johnson*, 564 F.3d at 420-21; *United States v. Green*, 532 F.3d 538, 546 n.8 (6th Cir. 2008) (retroactive crack-cocaine amendments "cannot override any mandatory statutory minimum sentences set forth by Congress"). Since Tate's sentence was based upon the statutory mandatory minimum 20-year prison term, the crack-cocaine amendments do not apply to her.

**IV.**

Based on the foregoing, the Court **DENIES** the Motion (**Doc #: 39**).

**IT IS SO ORDERED.**

                                         */s/ Dan A. Polster     May 5, 2011*
                                         **Dan Aaron Polster**
                                         **United States District Judge**